UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ERIC E. MILLER,

    Plaintiff,

v.                                       Case No. 09-cv-11055

BCA STONE CREST HOSPITAL,

    Defendant.

_____/

**ORDER GRANTING *IN FORMA PAUPERIS*
STATUS AND SUMMARILY DISMISSING CASE**

Before the court is Plaintiff Eric E. Miller's *pro se* complaint, filed March 20, 2009. In his complaint, Plaintiff asks the court to grant him *in forma pauperis* status[1]; Plaintiff is currently proceeding in this action without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). For the reasons stated below, the court will summarily dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

---

[1] In seeking *in forma pauperis* status, Plaintiff signed and dated his complaint, March 16, 2009, stating that he is homeless, is currently "housed at the BCA Stone Crest Hospital," and is in "poverty." (Pl.'s Compl. at 1, 4.) Accordingly, the court will grant Plaintiff *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(1).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), contains "factual allegations that are 'fantastic or delusional[,]' or if it is based on legal theories that are indisputably meritless," *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke,* 490 U.S. at 328).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Even if a plaintiff is not proceeding *in forma pauperis*, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## II.  DISCUSSION

In his complaint, Plaintiff states that he is asking "for a Mandatory Injunctive Order in the Detroit's Receiving, Mental Health Quasi-Governmental Agencies."  (Pl.'s Compl. at 1.)  Plaintiff's primary allegation is that "[b]etween the hours of 1:00 and 3:00 A.M. my sleep dis-order was being stalked by Three Detroit Receiving Hospital Staff members" and that this continued "for several sessions."  (Pl.'s Compl. at 1.)

The court finds that Plaintiff has failed to state a claim upon which relief can be granted, and that, furthermore, his factual allegations are "fantastic" such that the court must dismiss Plaintiff's complaint pursuant to § 1915.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brown*, 207 F.3d at 866.  Plaintiff has not alleged that he suffered a legal wrong. Plaintiff has not identified any federal statute which entitles him to relief; nor is the court aware of any such statute.  Because Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff is GRANTED *in forma pauperis* status.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522