**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIC E. MILLER,

    Plaintiff,

v.                                  Case No. 09-cv-11055

BCA STONE CREST HOSPITAL,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING PLAINTIFF'S "MOTION REQUESTING LEAVE TO AMEND AN APPEAL"**

Before the court is Plaintiff Eric E. Miller's application to proceed *in forma pauperis* on appeal, filed April 27, 2009. Also before the court is Plaintiff's "Motion Requesting Leave to Amend an Appeal," filed April 27, 2009, which the court will construe as a motion for reconsideration. Plaintiff has filed a notice of appeal, challenging the court's March 30, 2009 summary dismissal of Plaintiff's complaint. The court previously granted Plaintiff *in forma pauperis* status and dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]

---

[1] Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).
    A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), contains "factual allegations that are 'fantastic or delusional[,]' or if it is based on legal theories that are indisputably meritless," *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 328). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v.*

Plaintiff has now filed an application to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Plaintiff's primary allegation in his complaint was that "[b]etween the hours of 1:00 and 3:00 A.M. my sleep dis-order was being stalked by Three Detroit Receiving Hospital Staff members" and that this continued "for several sessions." (Compl. at 1.) As the court stated in its March 30, 2009 order of summary dismissal:

> The court finds that Plaintiff has failed to state a claim upon which relief can be granted, and that, furthermore, his factual allegations are "fantastic" such that the court must dismiss Plaintiff's complaint pursuant to § 1915. *See* 28 U.S.C. § 1915(e)(2)(B); *Brown*, 207 F.3d at 866. Plaintiff has not alleged that he suffered a legal wrong. Plaintiff has not identified any federal statute which entitles him to relief; nor is the court aware of any such statute.

---

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Even if a plaintiff is not proceeding *in forma pauperis*, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974)).

(3/30/09 Order.)  Plaintiff has not made any further arguments upon appeal, and the court concludes that an appeal in this case cannot be taken in good faith.  Therefore, the court will deny Petitioner's application to proceed *in forma pauperis* on appeal.

Plaintiff also stated on his notice of appeal that, "I w[]ish to be issued counsel because I have trouble with my eyes."  [Dkt. # 4.]  Because Plaintiff stated his request on his notice of appeal, the court does not construe Plaintiff to be asking it to appoint Plaintiff counsel; indeed, this court cannot do so.  Plaintiff's case is now before the United States Circuit Court of Appeals for the Sixth Circuit, and Plaintiff should direct any requests to that court.

Finally, Plaintiff also filed a motion with the court in which he states: "This Is a Motion Requesting Leave To Amend an Appeal to Add and Correct Deficiencies to the Mandatory Injunctive Order as stated by the court."  [Dkt. # 6.]   The court construes Plaintiff's motion to be a motion for reconsideration because he appears to ask this court to allow him to correct what he perceives as "Deficiencies" in this court's previous order.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  Plaintiff has not identified any "palpable defect," other than to conclusorily state that there were

"Deficiencies" in the court's previous order; nor has Plaintiff even argued that if the correct were to correct the "Deficiencies," that this would "result in a different disposition of the case." *See* E.D. Mich. LR 7.1(g)(3). Therefore, the court will deny Plaintiff's motion.[2]

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* on appeal [Dkt. # 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion Requesting Leave to Amend an Appeal," which the court construed as a motion for reconsideration [Dkt. # 6], is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

---

[2] To the extent that Plaintiff instead seeks to amend his appeal, this court does not have authority to grant such a motion.